PER CURIAM.
The single Bill of Exceptions perfected on behalf of defendant concerns the admissibility of hearsay testimony of a witness.
It is undisputed that the testimony sought to be elicited from a defense witness on direct examination was hearsay.' The State objected to the line of questions propounded by defense counsel. Counsel' was allowed to question the witness to the point of asking her what one Kenneth Augustine had told her occurred on the evening of the robbery with which defendant Morrow was charged. At that point, the trial judge informed the defense counsel that he had already ruled that such answer would be inadmissible hearsay. When de-' fense counsel attempted to state the basis' of his contention that the testimony was admissible, he was stopped by the court and ordered to sit down. Consequently, the reasons for the defense counsel’s objections to the ruling of the court do not appear in the testimony made a part of the bill.
From defendant’s brief we learn that counsel contends that the information' sought constituted an exception to the rule which prevents the admission of hearsay evidence — that it was, in fact, an admission, by Augustine against his penal interests. Defense counsel argues that he wished to show that Kenneth Augustine had told the witness Shirley Lewis that he, Aúgus *75 tine, was the perpetrator of the crime with which Morrow was charged. In some jurisdictions, if a third person makes an extrajudicial confession to the crime with which a defendant is charged, and that third person is not available for trial, then his confession may be admitted in evidence. The defendant here contends that Kenneth Augustine was “not available for trial” because he relied upon the Fifth Amendment when questioned about the offense.
In the per curiam to the Bill of Exceptions, the trial judge notes that Kenneth Augustine was called by the defendant as a witness, and had testified before the matters surrounding Bill of Exceptions No. 1 had transpired.
The record before us discloses that Augustine, when he was on the witness stand, although he was allowed by the trial judge to remain silent in respect to certain questions, denied that he had robbed anyone on the night in question. This was not, according to defense counsel, the testimony he had hoped to elicit, and for that reason he made the effort to obtain testimony from the witness Shirley Lewis to the effect that Augustine had committed the crime for which the defendant was accused.
Although the witness Augustine was called to the stand by the defendant, defense was allowed to cross-examine the witness concerning the existence of scars on his wrist, after the defense counsel requested that the court declare Augustine a hostile witness. When asked whether the scar was caused by a bullet wound, the witness, on being advised by the court, refused to answer the question. Later, when questioned by the State on cross-examination, Augustine denied participation in the robbery.
This answer by the witness Augustine, that he did not participate in the robbery, removes the situation from the operation of the rule allowing proof of extrajudicial admissions against penal interests. Whether the rule prevails in Louisiana is not before us for decision. Augustine was present in court. Although some information sought from him was not given because the witness resorted to the protection of the Fifth Amendment, the ultimate question — did the witness, instead of the defendant, commit the robbery — was answered in the negative.
For these reasons, there is no merit to the Bill of Exceptions.
The judgment and conviction are affirmed.